IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS,<br><br>     Plaintiff,<br><br>  v.<br>MICHAEL C. SAYRE, M.D., NANCY W. ADAM, M.D., and TERRY ROGDE,<br><br>     Defendants. | Case No.: C 13-1570 CW (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SCREEN COMPLAINT; BRIEFING SCHEDULE ON COGNIZABLE CLAIMS AND DIRECTING PARTIES TO FILE CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION<br><br>Doc. No. 9 |

INTRODUCTION

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials and medical staff at PBSP.  He has paid the filing fee and has served Defendants.  Defendants move to screen the complaint pursuant to 28 U.S.C. § 1915A and to stay proceedings until the complaint has been screened.  Plaintiff does not object to the complaint being screened but opposes a stay of proceedings.  For good cause shown, the Court grants the motion to screen the complaint.

DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Plaintiff's Allegations

Plaintiff alleges that, when he arrived at PBSP on January 20, 2009, Defendants Dr. Sayre and Dr. Adam failed to review and evaluate his health care transfer information which documented his need for a prosthetic lift for his right shoe and chronic pain management for neuropathy in his feet.  On January 26, 2009, Dr. Adam changed the cause of Plaintiff's needs for a prosthetic to a bunion, which only required a shoe insole.  Dr. Adam stated untruths in support of her diagnosis.  Plaintiff's misdiagnosis by Dr. Adam caused Plaintiff to walk in constant pain with numerous ambulation problems.

On February 20, 2009, Dr. Sayre refused to process Plaintiff's medical accommodation request for prosthetic orthopedic shoes.  Dr. Sayre did this without reviewing Plaintiff's medical records or medical transfer information, which

2

thoroughly document Plaintiff's ongoing problem with his feet. Dr. Sayre also failed to conduct any diagnostic studies of Plaintiff's back, spine, legs or feet.

On October 31, 2012, Dr. Sayre abruptly discontinued all of Plaintiff's chronic pain management care without regard to his back, spine, legs and feet problems.  Dr. Sayre discontinued this pain management in retaliation for Plaintiff's filing numerous complaints against him and other PBSP medical staff.

On February 25, 2009, Terry Rogde misrepresented Plaintiff's medical record which further led to the misdiagnosis of Plaintiff's serious medical needs.

Plaintiff's allegations regarding Dr. Sayre's discontinuance of his pain management care on October 31, 2012 in retaliation for Plaintiff's filing lawsuits against him and other medical staff are duplicative of the allegations and claims in an earlier case filed by Plaintiff, Bibbs v. Sayre, et al., C 12-5917 CW (PR). Therefore, the claims based upon these allegations are dismissed with prejudice as duplicative.

Plaintiff's allegations regarding the failure of Dr. Sayre and Dr. Adam properly to treat problems with his feet, when liberally construed, state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Plaintiff's allegations against Mr. Rogde fail to state a claim.  Plaintiff does not specify what Mr. Rogde misrepresented in Plaintiff's medical record and how it led to the misdiagnosis of his serious medical needs.  The claim against Mr. Rogde is

3

belied by Plaintiff's allegations that his medical records were replete with information documenting his serious medical needs and that Drs. Sayre and Adams were deliberately indifferent, in part, because they ignored the information in his medical records. Furthermore, Plaintiff does not indicate Mr. Rogde's state of mind that would indicate deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it); McGuckin, 974 F.2d at 1060 (in order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm).  Plaintiff is granted leave to amend to add allegations to correct this deficiency, if he truthfully can do so.

III. Consent or Declination to Proceed Before Magistrate Judge

In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes.  Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to so proceeding.  The parties shall complete the requisite consent or declination form and return it to the Court as set forth in paragraph 5 of the Conclusion of this Order.

4

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to screen the complaint is GRANTED. Doc. no. 9.

2. Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Drs. Sayre and Adam based upon their 2009 alleged conduct.

3. Plaintiff's claims against Dr. Sayre based upon his alleged conduct that occurred in 2012 are dismissed as duplicative of the allegations and claims Plaintiff alleged in an earlier case.

4. Plaintiff's claim against Mr. Rogde is dismissed for failure to state a cognizable claim of deliberate indifference to serious medical needs. Within thirty (30) days from the date of this Order, Plaintiff may file an amended complaint to cure the deficiencies noted above.

Plaintiff shall use the Court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 13-01570 CW (PR), and the heading "AMENDED COMPLAINT."

If Plaintiff fails timely to file an amended complaint in conformity with this Order, the claim against Mr. Rogde will be dismissed without prejudice and the cognizable claims against Drs. Sayre and Adam will proceed.

5. No later than <u>thirty</u> days from the date of this Order, all parties shall file their consent or declination to proceed before a United States Magistrate Judge.

6. Within twenty-one days from the date of this Order Defendants Dr. Sayre and Dr. Adam shall file an answer to the

5

complaint.  The following briefing schedule shall govern dispositive motions in this action:

     a.   No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), and <u>Stratton v. Buck</u>, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

     b.   Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his

6

claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  9. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

  10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline

//

//

7

sought to be extended.

    IT IS SO ORDERED.

Dated: 9/24/2013

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE