United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN J. BIBBS,

Plaintiff,

v.

MICHAEL C. SAYRE, M.D., NANCY W. ADAM, M.D., and TERRY ROGDE,

Defendants.

Case No.: C 13-1570 CW (PR)

ORDER GRANTING DEFENDANTS' MOTION TO SCREEN COMPLAINT AND GRANTING DEFENDANTS' REQUEST FOR EXTENSION OF TIME

Doc. No. 23

INTRODUCTION

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by medical staff at PBSP. On September 24, 2013, the Court screened Plaintiff's complaint and found that his claims against Defendants Dr. Michael Sayre and Dr. Nancy Adam for deliberate indifference to his serious medical needs were cognizable. See Doc. no. 11. The Court found the allegations failed to state a claim for deliberate indifference to his serious medical needs against Defendant Terry Rogde and dismissed the claim against Mr. Rogde with leave to amend. Id. On October 15, 2013, Plaintiff filed an amended complaint. See Doc. no. 16. On December 24, 2013, Defendants filed the instant motion to screen the amended complaint and requested an extension of time to file a dispositive

United States District Court
For the Northern District of California

motion. For the reasons stated below, the Court grants Defendants' motion to screen the amended complaint and their request for an extension of time to file a dispositive motion.

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

A. Plaintiff's Allegations

In his original complaint, Plaintiff alleged that Mr. Rogde misrepresented Plaintiff's medical record which led to the misdiagnosis of Plaintiff's serious medical needs. The Court found this allegation insufficient to state a claim for deliberate indifference because it did not specify what Mr. Rogde

misrepresented and how it led to the misdiagnosis of his serious medical needs.

In his amended complaint, Plaintiff adds the following allegations. On February 25, 2009, Mr. Rogde, a material and store supervisor, measured Plaintiff's feet, but did not measure the length of Plaintiff's legs, although Plaintiff told him this is the cause of his orthotic needs. Mr. Rogde failed to refer the matter back to "medical" or conduct any review of Plaintiff's medical file or medical chronos, which would have disclosed Plaintiff's need for prosthetic/orthotic footwear. Mr. Rogde's indication that Plaintiff was "fine" and did not require an accommodation prevented Plaintiff from getting any further consideration or medical care for his feet.

B. Plaintiff's Claim

These allegations still do not state a claim against Mr. Rogde because they fail to show the state of mind necessary for deliberate indifference. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U. S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Id. Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992).

United States District Court
For the Northern District of California

Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. Id. at 1062. A claim of mere negligence related to medical problems, or a difference of opinion between a prisoner patient and a medical doctor, is not enough to make out a violation of the Eighth Amendment. Toguchi v. Chung, 391 F.3d 1051, 1058–60 (9th Cir. 2004); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

The allegation that, on one occasion, Mr. Rogde failed to measure the length of Plaintiff’s legs even though Plaintiff informed him that the length of his legs is the cause of his problem, is insufficient to show the state of mind necessary to establish deliberate indifference, which is a standard similar to that of criminal recklessness. See Farmer, 511 U.S. at 837. Furthermore, the harm that Plaintiff alleges, that, as a result of Mr. Rogde’s allegedly improper measurements, Drs. Sayre and Adam failed to prescribe the correct orthotics for Plaintiff, is contradicted by the allegations that Plaintiff’s medical records were replete with correct information documenting his need for orthotics and that Drs. Sayre and Adams were deliberately indifferent, in part, because they ignored the information in his medical record.

Accordingly, the claim against Mr. Rogde is dismissed. Because Plaintiff has been given the opportunity to correct the deficiencies in his claim against Mr. Rogde and has failed to do so, dismissal is without leave to amend.

II. Sufficiency of Amended Complaint

Defendants correctly argue that Plaintiff's amended complaint is insufficient to state claims against Drs. Sayre and Adam because Plaintiff does not include the factual allegations against them that were in his original complaint. See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1990) (an amended pleading supersedes the original pleading).

However, in the interest of judicial economy, instead of requiring Plaintiff to re-file his original complaint as a second amended complaint, the Court deems the original complaint to be the operative complaint in this action. Defendants shall file their dispositive motion based on the allegations in the original complaint.

III. Request for Extension of Time

Defendants request an additional sixty days, until March 14, 2014, to file their dispositive motion. Good cause appearing, this request is granted.

CONCLUSION

For the reasons stated above, the Court orders the following:

1. Defendants' motion to screen the amended complaint and their request for an extension of time are granted. Doc. no. 23.

2. The Court finds that Plaintiff has failed to allege a claim for deliberate indifference to serious medical needs against Mr. Rogde and the claim against him is dismissed without leave to amend.

3. Drs. Sayre and Adam must file their dispositive motion on or before March 14, 2014. Plaintiff's opposition is due twenty-eight days after he is served with the motion. Defendants' reply

is due no later than fourteen days after the date Plaintiff's opposition is filed.

4. The original complaint, doc. no. 1, shall be the operative complaint in this action.

5. This Order terminates docket number 23.

IT IS SO ORDERED.

Dated: 1/21/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California