IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL C. SAYRE, M.D., et al.,<br><br>        Defendants. | Case No.: C 13-1570 CW (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER AND TO CONVERT RULE 12(B) MOTION INTO MOTION FOR SUMMARY JUDGMENT<br><br>Doc. Nos. 35 and 45 |

    Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by medical staff at PBSP.  On March 14, 2014, Defendants filed a motion to dismiss for failure to exhaust administrative remedies and for failure to comply with the requisite statute of limitations, <u>see</u> doc. no. 29, and a motion for a protective order to stay discovery, <u>see</u> doc. no. 35.  Plaintiff has not opposed the motion for a stay of discovery.  On April 22, 2014, Defendants filed a motion to convert their motion to dismiss into a motion for summary judgment.  <u>See</u> doc. no. 45.

    Defendants request a stay of discovery until their motion based on failure to exhaust and failure to comply with the statute of limitations is decided by this Court.  They argue that Plaintiff has served Defendants with discovery requests, but that the requests concern the factual issues of his Eighth Amendment deliberate indifference claims against Defendants and do not bear

on the procedural issues of whether his claims are exhausted or his complaint is time-barred.  For good cause shown, the Court grants Defendants' motion for a stay of discovery until their motion on procedural issues is adjudicated.  See Fed. R. Civ. P. 26(c) (court may issue protective orders to stay discovery for good cause); Fed. R. Civ. P. 26(b)(2)(c)(iii) (court may limit discovery when burden or expense of proposed discovery outweighs its likely benefit).  If the Court does not grant judgment in favor of Defendants on procedural grounds, the stay will automatically be lifted and discovery will proceed in accordance with the Rules of Civil Procedure.

In their motion to convert their motion to dismiss into a motion for summary judgment, Defendants cite Albino v. Baca, 2014 WL 1317141, *6, 8 (9th Cir. Apr. 3, 2014) (en banc), in which the Ninth Circuit held that a challenge to exhaustion of administrative remedies must be brought in a summary judgment motion under Federal Rule of Civil Procedure 56.  Pursuant to Albino v Baca, and for good cause appearing, the Court grants Defendants' motion.

Plaintiff has previously filed an opposition addressing the exhaustion and timeliness arguments asserted in Defendants' motion to dismiss.  Plaintiff may, but is not required to, file a supplemental opposition to Defendants' summary judgment motion.  If Plaintiff decides to file a supplemental opposition, he is granted thirty days in which to do so.  If Plaintiff decides not to file a supplemental opposition, he shall file a declaration with the Court so stating.

CONCLUSION

Based upon the foregoing, the Court orders as follows:

1. Defendants' motion for a stay of discovery until the Court adjudicates their motion for summary judgment is granted.  If Defendants' motion is denied, the stay shall be vacated and discovery shall proceed in accordance with the Federal Rules of Civil Procedure without further order of the Court.

2. Defendants' motion to convert their motion to dismiss into a motion for summary judgment is granted.

3. Within thirty days from the date of this Order, Plaintiff shall either file a supplemental opposition to the summary judgment motion or a declaration stating that he does not wish to do so.  Defendants shall file a reply in response to Plaintiff's opposition and supplemental opposition within fourteen days from the date he either files his supplemental opposition or his declaration.

4. This Order terminates docket numbers 35 and 45.

IT IS SO ORDERED.

Dated: 5/27/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE